IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KWASI McKINNEY                                                                                    PETITIONER
ADC #137065

v.                                          4:22-cv-00811-LPR-JJV

DEXTER PAYNE, Director, ADC                                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

I.  **BACKGROUND**

Petitioner Kwasi McKinney, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 2.)  Mr. McKinney was convicted by a jury in the Circuit Court of Columbia County, Arkansas, of delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and firearms, possession of methamphetamine with purpose to deliver, and possession of firearms by certain persons. (Doc. No. 8-2 at 99-103.)  He was sentenced to consecutive terms of imprisonment for an aggregate sentence of 154 years. (*Id.*)

On direct appeal, the Arkansas Court of Appeals summarized the facts of the case as follows:

> On November 10 and 24, 2015, law-enforcement officers worked with two confidential informants to purchase methamphetamine from appellant Kwasi McKinney at his residence located at 202 Mulberry in McNeil, Arkansas. Thereafter, on January 28, 2016, pursuant to a search warrant, law-enforcement officers searched McKinney's home and found methamphetamine, drug paraphernalia, and a firearm.

*McKinney v. State of Arkansas*, 2018 Ark. App. 10, at 1, 538 S.W.3d 216, 218 ("*McKinney I*").

Among his arguments on appeal, Mr. McKinney contended the trial court erred in denying his request for a pretrial hearing on several motions, including a motion to suppress his custodial statement and a motion to suppress the evidence seized during execution of the search warrant. *Id*. at 6, 538 S.W.3d at 220-21. The appellate court held the circuit court abused its discretion in denying both motions as untimely and that Mr. McKinney was entitled to a hearing on the motion to suppress the statement. *Id*. at 7, 538 S.W.3d at 221. The court further held there was overwhelming evidence to support the jury's findings that Mr. McKinney sold drugs to the confidential informants on November 10 and 24, 2015; therefore, the admission of his statement was harmless error as to the convictions for delivery of methamphetamine and possession of methamphetamine, and the court affirmed those convictions. *Id*. at 9, 538 S.W.3d at 222. The court held it could not reach the same conclusion with respect to the remaining convictions. *Id*. Accordingly, the court reversed and remanded the order denying the suppression motions, with directions for the trial court to rule on the merits of the motion to suppress the search and to hold a hearing on the motion to suppress the statement. *Id*. at 9-10, 538 S.W.3d at 222-23. The court stated: "If the circuit court determines that the motions lack merit, a new trial will not be required and [the remaining] convictions will be affirmed." *Id*. at 10, 538 S.W.3d at 223.

On remand, the trial court held a hearing on the motion to suppress the statement and denied it. (Doc. No. 8-10 at 25-27, 64-131.) The court also denied the motion to suppress the search on

the merits. (*Id*. at 28-29.) The Arkansas Court of Appeals affirmed both orders, along with the trial court's order denying Mr. McKinney's motion seeking the trial judge's recusal. *McKinney v. State of Arkansas*, 2019 Ark. App. 347, 583 S.W.3d 399 ("*McKinney II*").

Mr. McKinney then filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, alleging his trial counsel and appellate counsel were ineffective. (Doc. No. 8-24 at 7-17.) The circuit court dismissed this petition, finding it was both untimely and failed to comply with the formatting requirements of Rule 37.1(b). (*Id*. at 18-21.) Mr. McKinney appealed, and the Court of Appeals affirmed. *McKinney v. State of Arkansas*, 2021 Ark. App. 235, 626 S.W.3d 110 ("*McKinney III*"). The court held Mr. McKinney's Rule 37 petition was indeed untimely as to the two convictions that were affirmed in *McKinney I*; however, it was timely filed with respect to any post-conviction claims related to the four convictions affirmed in *McKinney II*, and the circuit court erred in finding otherwise. *Id*. at 4-6, 626 S.W.3d at 113-14. Nonetheless, reversal was not required because the circuit court did not abuse its discretion in dismissing the petition for failing to conform to the formatting requirements. *Id*. at 9, 626 S.W.3d at 116.

Mr. McKinney filed various other *pro se* petitions seeking post-conviction relief, including two petitions for reduction of sentence pursuant to Arkansas Code Annotated section 16-90-111 (Doc. Nos. 8-42, 8-43), a state habeas petition (Doc. No. 8-25 at 42-48), and five petitions to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis* (Doc. Nos. 8-47, 8-49, 8-51, 8-56, 8-59). All were denied. (Doc. Nos. 8-25 at 27, 8-44, 8-25 at 109-13, 8-61); *McKinney v. State of Arkansas*, 2020 Ark. 113, 594 S.W.3d 879 ("*McKinney IV*"); *McKinney v. State of Arkansas*, 2020 Ark. 226, 602 S.W.3d 85 ("*McKinney V*"); *McKinney v. State of Arkansas*, 2020 Ark. 333, 608 S.W.3d 156 ("*McKinney VI*"); *McKinney v. State of Arkansas*, 2021

Ark. 210 ("*McKinney VII*").

In his Petition for Writ of Habeas Corpus, Mr. McKinney raises four claims for relief: (1) he was denied a fair trial by the admission of his custodial statement, and his trial counsel was ineffective for failing to properly challenge this admission; (2) he was denied a fair trial by the admission of illegally seized evidence, and his trial counsel was ineffective for failing to properly challenge this admission; (3) he is actually innocent, and his trial counsel was ineffective for failing to pursue this claim; and (4) his trial and appellate counsel were ineffective in several other respects. (Doc. No. 2 at 10-39.) Respondent Dexter Payne, Director of the Arkansas Division of Correction, argues Mr. McKinney's Petition is barred by the statute of limitations and that the claims are also procedurally defaulted. (Doc. No. 8 at 21-60.) After careful consideration, I recommend relief be denied. The Petition should be dismissed with prejudice.

## II. ANALYSIS

Mr. McKinney's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because some of Mr. McKinney's convictions were affirmed in *McKinney I* and others were remanded and subsequently affirmed in *McKinney II*, the convictions became final at different times.

### A. Delivery of Methamphetamine and Possession of Methamphetamine

Mr. McKinney's delivery-of-methamphetamine and possession-of-methamphetamine convictions were affirmed on January 10, 2018. *McKinney I*, 2018 Ark. App. 10, 538 S.W.3d 216. Those convictions became final on January 29, 2018, which was Mr. McKinney's deadline for seeking rehearing or review of the appellate court's decision. *See* Ark. Sup. Ct. R. 2-3(a) (a petition for rehearing shall be filed within eighteen calendar days from the date of decision); Ark. Sup. Ct. R. 2-4(a) (2018) (a petition for review must be filed within eighteen calendar days from the date of decision); Ark. R. App. P.-Crim. 17 (when a filing deadline under the Rules of the Supreme Court and Court of Appeals falls on a Saturday, Sunday, or legal holiday, the deadline shall be extended to the next business day). Accordingly, the limitation period ended on January 29, 2019, and Mr. McKinney's September 7, 2022 Petition for Writ of Habeas Corpus was not timely filed. Although he filed several petitions for post-conviction relief or collateral review, as set out above, none were filed prior to the expiration of the limitation period; therefore, none tolled the statute of limitation under § 2244(d)(2).

A careful review of Mr. McKinney's Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. McKinney has not made either showing. Additionally, although Mr. McKinney raises an actual innocence claim regarding his other convictions, he does not assert he is innocent of either delivery of methamphetamine or possession of methamphetamine. (Doc. No. 2 at 23-24.) Therefore, the actual innocence "gateway" that allows a petitioner to overcome a procedural bar is not available with respect to these convictions. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). Mr. McKinney's habeas claims concerning his delivery-of-methamphetamine and possession-of-methamphetamine convictions are time-barred.

**B. Maintaining a Drug Premises, Simultaneous Possession of Drugs and Firearms, Possession of Methamphetamine with Purpose to Deliver, and Possession of Firearms by Certain Persons**

Mr. McKinney's remaining convictions were affirmed on August 28, 2019. *McKinney II*, 2019 Ark. App. 347, 583 S.W.3d 399. They became final on May 18, 2020, when the Supreme Court of the United States denied Mr. McKinney's petition for writ of certiorari.[1] (Doc. No. 8-23.) Therefore, barring any statutory or equitable tolling, the limitation period would have ended on May 18, 2021, and Mr. McKinney's September 7, 2022 Petition would be untimely.

---

[1] Respondent contends Mr. McKinney's petition for writ of certiorari, filed January 16, 2020, was one day late. According to Respondent, the convictions became final on January 15, 2020, the expiration of the time for seeking certiorari. (Doc. No. 8 at 27-28.) *See Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) (if certiorari is not sought, § 2244(d)(1)(A) is triggered by the conclusion of all direct criminal appeals in state court followed by the expiration of the time allotted for filing a petition for writ of certiorari). Because Mr. McKinney's Petition for Writ of Habeas Corpus is time-barred even if the limitation period is deemed to have commenced on the later date, the Court need not decide whether his certiorari petition was timely filed.

As Respondent points out, Mr. McKinney's Rule 37 petition did not toll the limitation period under § 2244(d)(2) because it was not "properly filed." In *McKinney III*, the Arkansas Court of Appeals affirmed the dismissal of the Rule 37 petition on the basis that it failed to comply with the formatting requirements of Rule 37.1(b). 2021 Ark. App. 235, at 6-9, 626 S.W.3d 110, 114-16. The United States Supreme Court has held that an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules "usually prescribe, for example, the form of the document." *Id*. "[I]f a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed'" for purposes of statutory tolling, "regardless of whether those filing requirements are firmly established and regularly followed." *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010). The state court's decision is "the end of the matter" for purposes of § 2244(d)(2). *Id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). Thus, the time during which Mr. McKinney's Rule 37 petition was pending is not excluded from the limitation period.

The same is true for Mr. McKinney's second motion to correct an illegal sentence under Arkansas Code Annotated section 16-90-111. In that motion, he alleged his sentence violated the Double Jeopardy Clause. (Doc. No. 8-43.) With respect to such claims, the Arkansas Supreme Court has stated as follows:

> We have held that the claim that multiple convictions violated the provision against double jeopardy constitutes an assertion that the judgment was imposed in an illegal manner, not that the judgment is facially invalid. *Jenkins* [*v. State*], 2017 Ark. 288, 529 S.W.3d 236. Accordingly, double-jeopardy claims are claims that should have been raised at trial or in a postconviction petition filed pursuant to Rule 37.1. *See State v. Montague*, 341 Ark. 144, 14 S.W.3d 867 (2000) (explaining that double-jeopardy claims must be raised at trial or in a petition under the Rule); *see also Rowbottom v. State*, 341 Ark. 33, 36, 13 S.W.3d 904, 906 (2000) (holding that double-jeopardy claims are fundamental claims that can be raised for the first time in petitions for postconviction relief pursuant to Rule 37.1). A petition under

7

section 16-90-111 is not a substitute for raising a claim under the Rule. *See Stewart v. State*, 2018 Ark. 166, 546 S.W.3d 472.

*Wesley v. State*, 2019 Ark. 270, at 4-5, 585 S.W.3d 156, 160. Because double-jeopardy claims are to be raised in a Rule 37 petition, the Rule 37 time limitation applies: "Rule 37.2(c)(ii) mandates that a petition seeking relief under the Rule must be brought within sixty days following issuance of the mandate on direct appeal from the judgment." *Id*. at 5, 585 S.W.3d at 160. The mandate in *McKinney II* issued on October 17, 2019. (Doc. No. 8-21.) Mr. McKinney raised his double-jeopardy claim in a motion filed on August 2, 2021 (Doc. No. 8-43), well more than sixty days following issuance of the mandate. As such, it was not a "properly filed" application for collateral review for purposes of statutory tolling.

Mr. McKinney did file several other petitions for collateral review that are relevant to the statutory tolling analysis. The periods during which they were pending are summarized below:

| Petition | Date Filed | Date Denied |
| --- | --- | --- |
| First § 16-90-111 Petition | November 4, 2019 (Doc. No. 8-42) | December 18, 2019 (Doc. No. 8-25 at 27) |
| State Habeas Petition | February 14, 2020 (Doc. No. 8-25 at 42) | July 22, 2020 (Doc. No. 8-25 at 109) |
| First Error *Coram Nobis* Petition | November 14, 2019 (Doc. No. 8-47) | March 12, 2020 (Doc. No. 8-53) |
| Second Error *Coram Nobis* Petition | December 30, 2019 (Doc. No. 8-49) | October 15, 2020 (Doc. No. 8-55) |
| Third Error *Coram Nobis* Petition | February 6, 2020 (Doc. No. 8-51) | June 4, 2020 (Doc. No. 8-54) |
| Fourth Error *Coram Nobis* Petition | August 23, 2021 (Doc. No. 8-56) | November 12, 2021 (Doc. No. 8-58) |
| Fifth Error *Coram Nobis* Petition | May 27, 2022 (Doc. No. 8-59) | July 21, 2022 (Doc. No. 8-61) |

The first § 16-90-111 petition and the first error *coram nobis* petition have no effect for purposes of statutory tolling because they were disposed of prior to the start of the limitation period on May 18, 2020. The state habeas petition and the third error *coram nobis* petition likewise have

no effect because the periods during which they were pending overlap completely with the period during which the second error *coram nobis* petition was pending: December 30, 2019 through October 15, 2020. By virtue of the second error *coram nobis* petition, the limitation period was tolled as soon as it began on May 18, 2020, and remained so until October 15, 2020. It ran until the fourth error *coram nobis* petition was filed on August 23, 2021, at which point it was tolled until November 12, 2021. The limitation period then ran until the fifth error *coram nobis* petition was filed on May 27, 2022, and was tolled until July 21, 2022. Finally, it ran until Mr. McKinney filed his Petition for Writ of Habeas Corpus on September 7, 2022. Altogether, the limitation period ran for approximately seventeen months, more than the one year set forth in § 2244(d).

Mr. McKinney does not assert he is entitled to equitable tolling, and I can find no basis to support such a claim. He does allege he is actually innocent of these four convictions, claiming the firearm, drugs, and drug paraphernalia found during execution of the search warrant belonged to a third party. (Doc. No. 2 at 23-25.) Actual innocence, if proved, can serve as a gateway through which a petitioner may pass when the statute of limitations has expired. *McQuiggin*, 569 U.S. at 386. However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare: in addition to coming forward with new, reliable evidence that was not presented at trial, a petitioner must also "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding" and seldom met. *Id*. (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Mr. McKinney has not met it.

First, the evidence Mr. McKinney presents – an affidavit from a third party claiming ownership of the drugs and some of the drug paraphernalia[2] (Doc. No. 2 at 55) – is not new. Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs*, 689 F.3d 921, 934 (8th Cir. 2012).  Mr. McKinney admits that both he and his trial counsel were aware of this information at the time of trial. (Doc. No. 2 at 23.) Nor is the evidence reliable. In assessing the reliability of new evidence, a court may consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332. As Respondent points out, there are several questionable facets to the affidavit Mr. McKinney has presented. Perhaps most concerning, it appears to be written and signed in Mr. McKinney's own handwriting. Additionally, it was not signed until after the expiration of the statute of limitations under which the affiant could have been charged with possession of the methamphetamine and the drug paraphernalia. Finally, this affidavit was the subject of Mr. McKinney's third error *coram nobis* petition. (Doc. No. 8-51.) In denying the petition, the Arkansas Supreme Court held Mr. McKinney had not timely filed it, as he "did not bring forth the affidavit until after the direct appeal was completed." *McKinney V*, 2020 Ark. 226, at 4, 602 S.W.3d 85, 88.

Second, Mr. McKinney cannot establish that no reasonable juror would have convicted him even in light of the affidavit. There was ample evidence at trial connecting Mr. McKinney to the firearm, drugs, and drug paraphernalia – including the testimony of the confidential informants, who stated that Mr. McKinney was often seen with both the firearm and the bag that contained the methamphetamine and scales, both of which were ultimately seized from his home. (Doc. No. 8-3 at 47-48, 91-92.) Furthermore, the affidavit conflicts with Mr. McKinney's

---

[2] Notably, the affidavit makes no mention of the firearm.

custodial statement, in which he claimed the firearm, drugs, and drug paraphernalia belonged to a *different* third party. (Doc. No. 8-10 at 93-96.) Taking all the evidence together, a reasonable juror would most likely conclude Mr. McKinney was simply trying to avoid responsibility for possessing these items.

Accordingly, Mr. McKinney's habeas claims relating to his convictions for maintaining a drug premises, simultaneous possession of drugs and firearms, possession of methamphetamine with purpose to deliver, and possession of firearms by certain persons are also time-barred. His Petition for Writ of Habeas Corpus should be dismissed with prejudice in its entirety.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. McKinney has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. McKinney's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 2nd day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE